IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SIVI MARIE CONTRERAS, | § | Bankruptcy Case No. 17-30031-hcm |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| H.G. ARIAS & ASSOCIATES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| SIVI MARIE CONTRERAS d/b/a | § | |
| PROSCAPE, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR DETERMINATION
OF DISCHARGEABILITY OF DEBT**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW, H.G. ARIAS & ASSOCIATES, L.P. ("Plaintiff") by and through its attorney

of record, Corey W. Haugland of the law firm of James & Haugland, P.C., and files this its

Complaint for Determination of Dischargeability of Debt and, in support thereof, would respectfully

show the Court the following:

**I. JURISDICTION & VENUE**

1.     This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(b)

because this matter arises under 11 U.S.C. §§ 523 and 727. The Complaint presents a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

2. The Complaint commences an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in the Western District of Texas under 28 U.S.C. 1409(a) because the Debtor's Chapter 7 case is pending in this district.

## II. PARTIES

4. Plaintiff is a Limited Partnership organized and existing under the laws of the State of Texas with its principal place of business located in El Paso County, Texas.

5. Defendant, the Debtor Sivi Marie Contreras d/b/a Proscape (hereinafter the "Defendant" or "Debtor") is an individual who resides in El Paso County, Texas and who may be served with process by serving her at her usual abode, 1470 Gene Torres, El Paso, El Paso County, Texas 79936.

## III. FACTS

6. Plaintiff provides employee staffing services to third parties, either on a permanent placement or temporary employee placement basis.

7. Defendant is in the construction business and provides residential and commercial landscaping products and services.

8. Defendant did not have sufficient working capital to hire employees so beginning in Spring 2013, Defendant requested that Plaintiff employ and pay Defendant's employees while the employees worked for the Defendant.

9. In February and April 2013, Defendant promised to pay and represented that she would pay the Plaintiff for all employees' wages, payroll taxes, workers' compensation insurance and payroll expenses plus a reasonable staffing service fee (staffing services) to Plaintiff.

Plaintiff relied on such representations and hired Defendant's employees and paid them on a weekly basis while they performed landscaping services for the benefit of the Defendant. In addition to the employees' wages, Plaintiff paid the payroll taxes on such wages and workers' compensation insurance for the employees.

10. Defendant reported hours worked by each employee on time sheets to Plaintiff so that Plaintiff would issue payroll checks. Each time, Defendant represented that she would pay Plaintiff for such wages.

11. Defendant invoiced for its landscaping services, which invoice included the cost of labor paid by Plaintiff, and received payment for its landscaping services. Defendant received payment from third parties for such landscaping services but failed and refused to pay Plaintiff for the wages paid to Defendant's employees, although such payments from third parties included the cost of wages for the employees. Although fully compensated by third parties, Defendant has failed and refused, except in limited circumstances, to pay Plaintiff for the staffing services, including wages paid to Defendant's employees.

12. On or about June 23, 2014, in order to have Plaintiff continue providing services to Defendant, the Defendant again represented that she would pay the Plaintiff for all employees' wages, payroll taxes, workers' compensation insurance and payroll expenses plus a reasonable staffing service fee (staffing services) to Plaintiff. The Plaintiff however, continued to fail and refuse to pay Plaintiff for its staffing services.

13. On several occasions, Defendant agreed to meet with Plaintiff to resolve her obligations; however, Defendant would repeatedly cancel meetings.

14. In October and November 2014, in order to have Plaintiff continue to pay wages to

Defendant's employees, the Defendant represented that she was going to pay Plaintiff's past due invoices and was in the process of finalizing a loan. Defendant also represented that she was securing a line of credit. Defendant also represented that she was to receive an advance and a large bonus from her employer. Each representation was made in order to have Plaintiff continue to pay wages to Defendant's employees. Despite Defendant's representations, Defendant has failed and refused to pay Plaintiff for its staffing services.

15. Plaintiff relied on Defendant's representations and paid Defendant's employees, to its substantial injury. Currently, the sum of $139,051.19 is due and owing Plaintiff for the staffing services it provided to Defendant.

16. On or about December 17, 2015, the Plaintiff filed a suit against Defendant in the 327th Judicial District Court of El Paso County, Texas alleging causes of action for fraud, breach of fiduciary duty, conversion, theft, breach of contract, quantum meruit and for an accounting. Trial of the state court suit was set for January 10, 2017.

17. On or about January 9, 2017, Defendant filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. [Doc # 1].

18. On or about February 16, 2017, Plaintiff filed a proof of claim in the Debtor's Bankruptcy in the amount of $139,051.19.

## IV. Complaint For Determination of Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A)

19. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein verbatim.

20. As set forth above, Defendant is indebted to Plaintiff in the sum of $139,051.19. Plaintiff objects to the discharge of this debt because it was obtained through the false representations

and actual fraud of the Defendant. Section 523(a) of the Bankruptcy Code provides in relevant part:

(a)    A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -

    (2)    for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by —

        (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition;

11 U.S.C. § 523(a)(2)(A).

21.    As set forth above, Defendant promised to pay and represented that she would pay the Plaintiff for all employees' wages, payroll taxes, workers' compensation insurance and payroll expenses plus a reasonable staffing service fee (staffing services) to Plaintiff. Additionally, in order to continue receiving Plaintiff's services, Defendant repeatedly represented that she would pay Plaintiff for the wages paid to Defendant's employees, represented that she was in the process of finalizing a loan to be able to pay Plaintiff, represented that she was securing a line of credit to be able to pay Plaintiff, and represented that she was to receive an advance or substantial bonus from her employer to pay Plaintiff.

22.    Each of these representations was material.

23.    Each of these representations was false.

24.    When the Defendant made the representations, she knew they were false, or she made them recklessly, as a positive assertion, and without knowledge of their truth.

25.    The Defendant made each representation with the intent that Plaintiff act on it.

26.    The Plaintiff relied on the representations of Plaintiff by agreeing to provide its services to

Defendant and by continuing to provide its services to Defendant for several months.

27.    The Defendant's representations caused the Plaintiff to be injured in the amount of $139,051.19.

28.    The debt of $139,051.19 owed by Defendant to Plaintiff is therefore nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.

## V.  Complaint For Determination of Dischargeability of Debt Under 11 U.S.C. § 523(a)(4)

29.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein verbatim.

30.    As set forth above, Defendant is indebted to Plaintiff in the sum of $139,051.19. Plaintiff objects to the discharge of this debt because it was obtained through the fraud or defalcation of the Defendant while acting in a fiduciary capacity, embezzlement, or larceny. Section 523(a) of the Bankruptcy Code provides in relevant part:

   (a)    A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -

       (4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny

11 U.S.C. § 523(a)(4).

31.    As set forth above, Defendant promised to pay and represented that she would pay the Plaintiff for all employees' wages, payroll taxes, workers' compensation insurance and payroll expenses plus a reasonable staffing service fee (staffing services) to Plaintiff. Additionally, in order to continue receiving Plaintiff's services, Defendant repeatedly represented that she would pay Plaintiff for the wages paid to Defendant's employees, represented that she was in the process of finalizing a loan to be able to pay Plaintiff,

represented that she was securing a line of credit to be able to pay Plaintiff, and represented that she was to receive an advance or substantial bonus from her employer to pay Plaintiff.

32. Defendant made written and verbal promises to Plaintiff that she would treat them like a partner in her business dealings. Such representations created a fiduciary relationship between Plaintiff and Defendant.

33. Defendant's conduct in willfully ignoring her responsibility in reimbursing Plaintiff for the wages paid to Defendant's employees after making all of the foregoing representations, which were false and which Defendant knew were false at the time they were made, constitutes fraud.

34. Defendant's conduct in failing to repay Plaintiff for the wages paid to Defendant's employees, while converting her landscaping business revenues to her personal use and completely ignoring her payment obligation, evidences Defendant's intent to permanently deprive Plaintiff of its funds advanced for Defendant's business. Said conduct constitutes theft or larceny.

35. The Defendant's fraudulent and/or larcenous conduct caused the Plaintiff to be injured in the amount of $139,051.19.

36. The debt of $139,051.19 owed by Defendant to Plaintiff is therefore nondischargeable under § 523(a)(4) of the Bankruptcy Code.

## VI. Complaint For Determination of Dischargeability of Debt Under 11 U.S.C. § 523(a)(6)

37. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein verbatim.

38. As set forth above, Defendant is indebted to Plaintiff in the sum of $139,051.19. Plaintiff

objects to the discharge of this debt because it was obtained through the false representations and actual fraud of the Defendant. Section 523(a) of the Bankruptcy Code provides in relevant part:

(a)     A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -

        (6)     for willful and malicious injury by the debtor to another entity or to the property of another entity

11 U.S.C. § 523(a)(6).

39.     As set forth above, Defendant promised to pay and represented that she would pay the Plaintiff for all employees' wages, payroll taxes, workers' compensation insurance and payroll expenses plus a reasonable staffing service fee (staffing services) to Plaintiff. Additionally, in order to continue receiving Plaintiff's services, Defendant repeatedly represented that she would pay Plaintiff for the wages paid to Defendant's employees, represented that she was in the process of finalizing a loan to be able to pay Plaintiff, represented that she was securing a line of credit to be able to pay Plaintiff, and represented that she was to receive an advance or substantial bonus from her employer to pay Plaintiff.

40.     Defendant made written and verbal promises to Plaintiff that she would treat them like a partner in her business dealings. Such representations created a fiduciary relationship between Plaintiff and Defendant.

41.     Defendant's conduct in continuously misrepresenting her intent to pay Plaintiff while converting and utilizing the proceeds of the landscaping business to her personal use constituted theft or conversion. Her course of conduct was intentional, willful, and damaging to Plaintiff's business. Since Defendant is not a mentally deficient person, she understood

the negative impact that her conduct would have on Plaintiff's business.

42.     The Defendant's willful and malicious conduct caused the Plaintiff to be injured in the
amount of $139,051.19.

43.     The debt of $139,051.19 owed by Defendant to Plaintiff is therefore nondischargeable under
§ 523(a)(6) of the Bankruptcy Code.

## VII.  Complaint For Determination of Dischargeability of Debt Under 11 U.S.C. § 523(a)(14) and (14A)

44.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein verbatim.

45.     Plaintiff also objects to the discharge of the debt of the Defendant because it was incurred
to pay taxes to the United States and the State of Texas.

46.     Section 523(a) of the Bankruptcy Code provides in relevant part:

(a)     A discharge under section 727 ... of this title does not discharge an individual
debtor from any debt -

(14)    incurred to pay a tax to the United States that would be
nondischargeable pursuant to paragraph (1);

(14A)   incurred to pay a tax to a governmental unit, other than the
United States, that would be nondischargeable under
paragraph (1);

11 U.S.C. § 523(a)(14) and (14A).

47.     As set forth above, the Plaintiff agreed to pay the payroll taxes and workers' compensation
insurance for Defendant's employees. Thus, the Defendant incurred a debt with Plaintiff in
order to pay a tax to the United States and to a governmental unit other than the United
States. These amounts would be nondischargeable under 11 U.S.C. § 523(a)(1) and 11
U.S.C. 507(a)(8).

48.    That portion of the debt of $139,051.19 that was utilized to pay the payroll taxes and

workers' compensation insurance for Defendant's employees is therefore nondischargeable

under § 523(a)(14) and (14A) of the Bankruptcy Code.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court determine that

the debt of $139,051.19 is non-dischargeable, that the Court enter judgment declaring the debt to be

non-dischargeable, and that Plaintiff have such other and further relief as is just.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440
E-Mail: chaugland@jghpc.com

By:    _____
        Corey W. Haugland
        State Bar No. 09234200
        Attorney for Plaintiff